IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| PATRICIA GARCAR | ) | |
| c/o David Glenn Phillips | ) | |
| 4403 St. Clair Avenue | ) | CASE NO. |
| Cleveland, Ohio  44103,[1] | ) | |
| | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| | ) | |
| | ) | |
| CITY OF YOUNGSTOWN, OHIO | ) | |
| 26 South Phelps Street | ) | |
| Youngstown, Ohio 44503, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHIEF ROBIN LEES, | ) | |
| 116 West Boardman Street | ) | |
| Youngstown, Ohio 44503, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CAPTAIN RODNEY FOLEY | ) | |
| 116 West Boardman Street | ) | |
| Youngstown, Ohio 44503, | ) | |
| | ) | |
| and | ) | |
| | ) | |

---

[1] Because Plaintiff Patricia Garcar is a law enforcement officer, her residential address is not being made public, and her counsel David Glenn Phillips will accept service on her behalf for this case.

JOHN DOE NO. 1                              )
116 West Boardman Street                    )
Youngstown, Ohio 44503,                     )
                                            )
         and                                )
                                            )
JOHN DOE NO. 2                              )
116 West Boardman Street                    )
Youngstown, Ohio 44503,                     )
                                            )
                                            )
                                            )
                   Defendants.              )

Plaintiff Patricia Garcar, by and through her undersigned counsel, for her Complaint against Defendants, states as follows:

1.  This action arises pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-*et seq.* and Chapter 4112 of the Ohio Revised Code.

2.  This Court's jurisdiction arises under 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law, pursuant to 28 U.S.C. § 1367.

3.  Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because the claims alleged arise in Mahoning County, Ohio, located in the Northern District of Ohio, Eastern Division.

**PARTIES**

4.  Plaintiff Patricia Garcar is a female residing in Mahoning County, Ohio, and she is a United States Citizen.

5.  At all times relevant, Patricia Garcar was employed in the City of Youngstown Police Department ("YPD"), which is located in Mahoning County, Ohio, and she is now employed by

the YPD as a Detective Sergeant   At all times relevant, Patricia Garcar ("Detective Garcar") was an employee, as defined by Title VII and R.C. Chapter 4112.

6.    Defendant City of Youngstown, Ohio ("Youngstown") is a political subdivision located in Mahoning County, Ohio.  Youngstown is an employer as defined by Title VII and R.C. Chapter 4112.

7.    From in or about the beginning of 2014, Defendant Chief Robin Lees ("Chief Lees") was employed by Defendant Youngstown as the Chief of its Police Department and, in such position, this Defendant had supervisory authority over Plaintiff, and he was directly involved in adverse employment action taken against her.  This Defendant is also defined as an employer under R.C. Chapter 4112 and/or has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding retaliation against Plaintiff.  This Defendant is also liable to Plaintiff under state common law claims for the invasion of her privacy and intentional infliction of emotion distress as alleged herein.  Plaintiff sues Defendant Chief Lees in his official and individual capacities.

8.    At all times relevant hereto, Defendant Captain Rodney Foley was employed by Defendant Youngstown as the Chief of its Police Department up until in or about the beginning of 2014, when he returned to the rank of Captain in the YPD.  In such position, this Defendant had supervisory authority over Plaintiff, and he was directly involved in adverse employment action taken against her.  This Defendant is also defined as an employer under R.C. Chapter 4112 and/or has liability under R.C. 4112.02(J) for his conduct to aid, abet, incite, compel or coerce discriminatory acts as alleged herein and/or under R.C. 4112.02(I) for his conduct regarding

3

retaliation against Plaintiff. This Defendant is also liable to Plaintiff under state common law claims for the invasion of her privacy and intentional infliction of emotion distress as alleged herein. Plaintiff sues Defendant Captain Foley in his official and individual capacities.

9. Defendants John Doe No. 1 and John Doe No. 2 at all times relevant to this Complaint were individuals employed by Defendant Youngstown in its Police Department and are individuals currently unknown to Plaintiff, but are individuals who she claims are liable to her under the state common law claims for the invasion of her privacy and for the intentional infliction of emotional distress as alleged herein. On information and belief, these Defendants may also be liable for their conduct under conduct under R.C. 4112.02(I) and/or R.C. 4112.02(J). Plaintiff sues these Defendants by fictitious names and will amend her Complaint to their true names and capacity when such have been ascertained. Plaintiff sues these individuals in their official and individual capacities.

## ADMINISTRATIVE PROCEDURE

10. Prior to filing this action, Detective Garcar filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging the claims set forth in her Complaint, including claims arising under Title VII.

11. On May 16, 2017, Detective Garcar received a Notice of Right to Sue from the EEOC for her charges with respect to discrimination based on her gender and retaliation in EEOC Charge 532-2015-01276 that permits her to file suit in within 90 days.

12. Subsequently, in May 2017, Detective Garcar received a Notice of a Determination from the EEOC that found reasonable cause that unlawful employment practices in her employment with Youngstown and the YPD occurred with respect to her charge for retaliation in

4

EEOC Charge 532-2014-02317.  Detective Garcar has yet to receive a Notice of Right to Sue on this EEOC Charge from the United States Department of Justice, and she will amend this procedural matter, if necessary, when she receives such notice.

**FACTUAL ALLEGATIONS**

13.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

14.  Patricia Garcar began working for the YPD in 1994, and she obtained the rank of Sergeant in 2000.  Detective Garcar has been a detective in the YPD's Accident Investigation Unit ("AIU") since 1998.

15.  In 2011, Detective Garcar was the second ranking officer in the AIU, and the YPD assigned Lieutenant Lt. William Ross ("Lt. Ross") to its AIU.  Upon his arrival in the AIU, Lt. Ross who began to cause problems for Detective Garcar based on her gender.  Lt. Ross' conduct toward Detective Garcar constituted disparate treatment and harassment against her based on her gender as a female, and he created a hostile working environment for her in the AIU on this basis.  Lt. Ross' conduct included negative employment action against Detective Garcar that consisted of write ups and unwarranted discipline through 2014.

16.  In February 2014, Detective Garcar filed a grievance pursuant to her union's collective bargaining unit with the YPD regarding suspensions she received, which Detective Garcar contends were unwarranted and issued based on discrimination and retaliation.

17.  In 2014, individual(s) in the YPD released to the media without Detective Garcar's authorization or release her private medical information that included information from an YPD internal affairs report that she failed to report in writing to her supervisors that she was

5

prescribed a narcotic medication after she had surgery.

18.  Detective Garcar complained to the Chief of the YPD at the time, Rodney Foley, about the disparate treatment, harassment from, and hostile environment she experienced that was created by Lt. Ross and the YPD.  Her complaints to Rodney Foley resulted in no response or corrective action by the Chief or the YPD.  Detective Garcar's complaints about Lt. Ross resulted in further negative employment action against her in terms of unwarranted wright ups and discipline.  In or about the beginning of 2014, Robin Lees became the new Chief of the YPD, and Detective Garcar continued to make her complaints to him about the disparate treatment, harassment and hostility she experienced from Lt. Ross and the YPD.  Detective Garcar's complaints to Chief Lees resulted in no response or corrective action by the Chief or the YPD, and her complaints about Lt. Ross to Chief Lees resulted in further negative employment action against her in terms of unwarranted write ups and discipline.

19.  In or about May 2014, Detective Garcar filed EEOC Charge 532-2014-01204 for discrimination based on her gender because of the harassment and hostile environment caused by Lt. Ross and retaliation from her complaints about Lt. Ross to the YPD and its Chiefs.

20.  On or about July 29, 2014, Detective Garcar was informed by Chief Lees that he was in receipt of her May 2014 EEOC Charge and that he was transferring her from YPD's AIU to its Family Service Investigative Unit.

21.  On or about October 27, 2014, Detective Garcar filed EEOC Charge 532-2014-02317 based on retaliation from YPD Chief Lees' transfer of her from the AIU after she engaged in protected activity by filing the May 2014 EEOC Charge 532-2014-01204.

22.  After October 2014 and through 2015, Detective Garcar faced continued disparate

treatment, harassment, and hostility in the workplace based on her gender and in retaliation for her protected activity.

23.  In February 2015, Detective Garcar received notice that she was promoted to the position of Lieutenant in the YPD.  A day later or a short time later this promotion was inexplicably rescinded based on claimed restructuring in the YPD.  Detective Garcar was qualified for the position of Lieutenant, and her removal constitutes a negative employment action against Detective Garcar for a reason that was incorrect and used a pretext for the discrimination and retaliation against her.

24.  In or about March 2015, Detective Garcar received notice that she faced further unwarranted discipline and negative employment action that included threatened suspensions against her.  This negative employment action against Detective Garcar by YPD was discriminatory based on her gender and in retaliation for her prior protected activity as set forth herein.  YPD's reasons and basis for such negative employment action against Detective Garcar were incorrect and used a pretext for the discrimination and retaliation against her.

25.  On May 12, 2015, Detective Garcar filed EEOC Charge 532-2015-01276 for discrimination based on her gender and retaliation due to her prior protected activity.  In this May 2015 EEOC Charge, Detective Garcar specifically pointed to as protected activity her prior EEOC Charge 532-2014-01204 for discrimination and retaliation arising primarily from the aforementioned conduct of Lt. Ross.  Detective Garcar also pointed to as protected activity for retaliation in this May 2015 EEOC Charge her prior EEOC Charge 532-2014-02317 for retaliation from her transfer from YPD's AIU by Chief Lees.

26.  On or about May 22, 2015, Detective Garcar's was notified that her February 2014

grievance as it pertained to unwarranted and pretextual suspensions was sustained through arbitration.

27. After Detective Garcar engaged in each event of protected activity as alleged herein, Defendants subjected her to further acts of discrimination, harassment, and retaliation.

28. Detective Garcar is still employed as a Sergeant in the YPD, and the disparate treatment, harassment, and hostility in her workplace and retaliation against her based on her prior protected activity has continued to the present.

29. On or about May 18, 2017, the EEOC issued a determination in Detective Garcar's Charge 532-2014-02317 that found discrimination based on retaliation because "There is no dispute that [Detective Garcar] was told that she was being transferred [from the AIU] because she had filed a charge with the EEOC."

## COUNT ONE

**(Gender Discrimination Against Youngstown in Violation of Title VII and R.C. Chapter 4112 & Against Chief Lees and John Doe Nos. & 2 for Liability Under R.C. 4112.02(J))**

30. Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

31. Detective Garcar is a female, and thus she is a member of a protected class.

32. At all relevant times, Detective Garcar was qualified for the various positions she held in the YPD, including to continue as a Detective in YPD's AIU after July 2014, and the Lieutenant position which she was promoted to and then removed from in February 2015.

33. By removing Detective Garcar for the position of Lieutenant, and/or by transferring

8

her out of the YPD's AIU, Youngstown unlawfully discriminated against Detective Garcar because of her gender, in violation of Title VII and R.C. 4112.02(A).

34.  In terms of discrimination under R.C. 4112.02(J), Defendants Chief Lees and John Doe Nos. 1 & 2 are liable to Detective Garcar for their conduct to aid, abet, incite, compel or coerce discriminatory acts with respect to the failure to promote Detective Garcar and/or by their conduct to transfer her out of the AIU.

35.  As a direct and proximate result of Defendants' unlawful discriminatory misconduct, as described above, Detective Garcar suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits, including additional retirement benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter.  Some or all of Detective Garcar's damages will continue to accrue indefinitely into the future.

## COUNT TWO

**(Discrimination Against Youngstown based on Disparate Treatment, Harassment, and Hostile Environment based on Gender in Violation of Title VII and R.C. Chapter 4112 & Against Chief Lees and John Doe Nos. & 2 for Liability Under R.C. 4112.02(J))**

36.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

37.  Youngstown owed a duty to Detective Garcar to provide a work environment that was safe and free from discrimination and hostility based on her gender.  The conduct as described herein created an environment for Plaintiff that was discriminatory, hostile, and difficult due to her gender as a woman.  The conduct as described herein affected a term,

9

condition, or privilege of Detective Garcar's employment at the YPD by the creation of an abusive work environment that affected her ability to do her job, and which would cause any reasonable employee to leave their employment under such conditions.

38.  Youngstown knew or, with the exercise of reasonable diligence, should have known of the existence of discrimination and hostility in the workplace for Detective Garcar based on her gender.  Youngstown specifically knew of this based on Detective Garcar's complaints about this conduct to the Chiefs of the YPD, based on grievances she filed, and based the charges of discrimination that she filed with the EEOC.

39.  Despite the fact that it knew or should have known of this discrimination and hostility toward Detective Garcar, Youngstown failed to take appropriate, prompt, and remedial measures in light of her complaints.  And any claimed actions taken by Youngstown was inadequate, ineffective, and amounted to the failure to act.

40.  Youngstown breached the foregoing duty when it failed to take prompt or adequate remedial action in response to Plaintiff's complaints with actual knowledge of the discriminatory and/or hostile work environment.

41.  The action and/or inaction as alleged herein constitutes discrimination against Detective Garcar based on her sex in violation of Title VII and R.C. 4112.02(A) with respect to the tenure, terms, conditions, privileges of her employment.

42.  In terms of discrimination under R.C. 4112.02(J), Defendants Chief Lees and John Doe Nos. 1 & 2 are liable to Detective Garcar for their conduct to aid, abet, incite, compel or coerce discriminatory of disparate treatment, harassment, and hostility against Detective Garcar.

43.  As a direct and proximate result of Defendants' unlawful discriminatory misconduct,

as described above, Detective Garcar suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits, including additional retirement benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter.  Some or all of Detective Garcar's damages will continue to accrue indefinitely into the future.

### COUNT THREE

### (Retaliation and Hostile Environment based on Retaliation Against Youngstown in Violation of Title VII and R.C. Chapter 4112 & Against Chief Lees and John Doe Nos. & 2 for liability under R.C. 4112.02(I) and/or (J))

44.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

45.  Detective Garcar engaged in protected activity when she complained to the Chiefs of he YPD, Rodney Foley and Chief Lees of disparate treatment, discrimination, harassment, and hostility that she endured in the workplace based on her gender, and when she filed EEOC charges against Youngstown.

46.  Youngstown unlawfully retaliated against Detective Garcar by transferring her from the AIU unit after she filed an a Charge of discrimination and retaliation before the EEOC.

47.  Youngstown further retaliated against Detective Garcar when it issued a notice of discipline of an unpaid suspension in March 2015 after she filed Charges of discrimination and retaliation before the EEOC.

48.  Youngstown further engaged in retaliation based on her prior protected activity by demoting her from the position of Lieutenant and by other unwarranted, incorrect and pretextual

11

discipline as alleged herein.

49.  Youngstown further unlawfully retaliated against Detective Garcar by creating and permitting a hostile retaliatory work environment at the YPD, which would cause any reasonable employee to leave their employment under such conditions.

50.  The conduct of Youngstown as alleged herein constitutes retaliation and hostile environment retaliation in violation of Title VII and R.C. 4112.02(I).

51.  Defendants Chief Lees and John Doe Nos. 1& 2 are also liable for their conduct as alleged herein for retaliation and hostile environment retaliation under R.C. 4112.02(I), and under R.C. 4112.02(J) for their conduct to aid, abet, incite, compel or coerce discriminatory of disparate treatment harassment and hostility against Detective Garcar.

52.  As a direct and proximate result of Defendant's unlawful retaliatory misconduct, as described above, Detective Garcar suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter. Some or all of Detective Garcar's damages will continue to accrue indefinitely into the future.

**COUNT FOUR**

**(Invasion of Privacy Under State Law Against All Defendants)**

53.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

54.  The conduct of Defendants in or about March 2014 by disclosing Detective Garcar's private medication information without her authorization to media outlets constitutes an invasion to her seclusion and privacy.

12

55.  As a direct and proximate result of Defendants' invasion of Detective Garcar's privacy, as described above, she suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter. Some or all of Detective Garcar's damages will continue to accrue indefinitely into the future.

**COUNT FIVE**

**(Intentional Infliction of Emotional Distress Against All Defendants)**

56.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

57.  Defendants owed a duty to Detective Garcar to refrain from the intentional infliction of emotional distress.

58.  Defendants breached their duty to Detective Garcar based on the conduct as alleged herein.  Defendants proximately caused injury to Detective Garcar in the form of embarrassment, mental anguish, loss of reputation, loss of self-esteem, harm to her relationships with her family and friends, and other emotional distress with physical injury in the form of adverse health effects.  Said injuries caused extreme pain and suffering in the past will likely continue to cause pain and suffering in the future.

59.  Defendants' conduct as alleged herein was outrageous and proximately caused damage to Detective Garcar arising from Defendants' intentional infliction of serious emotional distress upon her.

60.  Defendants' conduct as described herein was willful, malicious, with spite and ill will, and with a reckless disregard for Detective Garcar's legal rights.

13

61. As a direct and proximate result of Defendants' conduct as described above, Detective Garcar suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter. Some or all of Detective Garcar's damages will continue to accrue indefinitely into the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Patricia Garcar respectfully requests that this Honorable Court:

A. Declare the actions of Defendant Youngstown to be in violation of Title VII of the Civil Rights Act and the acts of all Defendants to be in violation of the Ohio Revised Code Chapter 4112;

B. Issue a permanent injunction against the unlawful employment practices committed by Defendants prohibiting them from violating or abridging Plaintiff's rights or the rights of others;

C. Make Plaintiff whole, including back pay, restoration of all benefits lost, including pension accruals, and other losses in an amount to be proven at trial;

D. Reinstate Plaintiff to the position she would currently hold, but for Defendants' unlawful conduct;

E. Award Plaintiff compensatory damages for the injuries proximately caused by Defendants' conduct, in an amount to be proven at trial;

F. Award Plaintiff front pay, including benefits, in an amount to be determined at the time of trial in lieu of reinstatement;

G. Award Plaintiff pre-judgment and post-judgment interest on all monetary awards;

H. Award Plaintiff the costs of this action, including reasonable attorney fees pursuant to

14

42 U.S.C. §2000e-5(k); and,

     I.  Award such other and further relief as is necessary and proper.

                                    Respectfully submitted,

                                      s/ David Glenn Phillips
                                      DAVID GLENN PHILLIPS (0046827)
                                      The Brown Hoist Building
                                      4403 St. Clair Avenue
                                      Cleveland, Ohio 44103
                                      (216) 531-0123
                                      fax: (216) 881-3928
                                      Email: d.g.phillips@sbcglobal.net (for service)
                                                      civilrightslaw@sbcglobal.net

                                    *Attorney for Plaintiff*

## JURY DEMAND

     Plaintiff hereby demands a trial by jury in this case by the applicable amount of jurors allowed by law.

                                      /s/ David Glenn Phillips
                                      DAVID GLENN PHILLIPS