PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA GARCAR, | ) |
| Plaintiff, | ) CASE NO. 4:17CV1698 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| CITY OF YOUNGSTOWN, OHIO, *et al.*, | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 20] |

The within matter came on for telephonic hearing upon Plaintiff's Motion for Temporary Restraining Order (ECF No. 20).

After notice to the parties, the Court held a telephonic hearing on the motion. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. The Court also considered the oral arguments of counsel.

Four factors are important in determining whether a temporary restraining order is appropriate: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *PACCAR Inc. v. TeleScan Techs., L.L.C.*, 319 F.3d 243, 249 (6th Cir. 2003) (overruled on other grounds in *KP Permanent Make−Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is a flexible one and the factors are not

(4:17CV1698)

prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.*, 755 F.2d at 1229. In balancing the four considerations applicable to temporary restraining order decisions, the Court holds that equitable relief is not appropriate based on the record before it.

 1. Plaintiff has not established a likelihood of success on the merits. Plaintiff's reliance on *Kane v. City of Council of Youngstown*, Nos. 98 CA 43, 98 CA59, 98 CA 65, 1999WL1124755 (Ohio Ct. App. Dec. 2, 1999) does not persuade the Court because it is distinguishable from the present case. The Court is also not persuaded that it should exercise its authority to usurp that of the Mayor of Youngstown in appointing a new police chief.

 2. Plaintiff has not shown she will suffer irreparable harm because she has not shown that she will be foreclosed from applying for the position in the future.

 3. Harm to third parties, such as others seeking the position of lieutenant, bodes in favor of denying the temporary restraining order.

 4. Finally, the public has great interest in upholding contractual expectations and obligations as respected. For the reasons stated on the record, what Plaintiff asks of the Court is contrary to the public's interest.

 Having considered the factors, Plaintiff's Motion for Temporary Restraining Order (ECF No. 20) is denied.

(4:17CV1698)

Given the denial of Plaintiff's Motion for Temporary Restraining Order ([ECF No. 20](ECF No. 20)), Plaintiff's counsel declared that the Motion for Preliminary Injunction ([ECF No. 20](ECF No. 20)) is moot. Therefore, the Court denies Plaintiff's Motion for Preliminary Injunction ([ECF No. 20](ECF No. 20)).

IT IS SO ORDERED.

| | |
|---|---|
| February 23, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |