PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA GARCAR ) | |
| ) | CASE NO. 4:17CV1698 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CITY OF YOUNGSTOWN, OHIO, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 19] |

Pending before the Court is Plaintiff Patricia Garcar's Motion for Leave to Amend Pleading pursuant to Fed. R. Civ. P. 15. ECF No. 19. Plaintiff seeks to amend her complaint to assert the following: (1) a First Amendment Retaliation claim brought under 42 U.S.C. § 1983; (2) a state law retaliation claim brought under Ohio Revised Code ("O.R.C.") § 4112.02(I); and (3) additional facts to support her new retaliation claims as well as facts regarding her receipt of a right to sue letter related to EEOC Charge 523-2014-02317. ECF Nos. 19; 19-1. Plaintiff attached the proposed Amended Complaint (ECF No. 19-2) to her motion. Defendants, the City of Youngstown, Youngstown Police Department ("YPD"), Police Chief Robin Lees and YPD Captain Rodney Foley (collectively "Defendants") have filed a response in opposition (ECF No. 23). Plaintiff has replied (ECF No. 25).

For the reasons set forth below, Plaintiff's motion (ECF No. 19) is granted.

(4:17CV1698)

## I. Background

Plaintiff, an employee of Defendant YPD, initiated this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and Chapter 4112 of the O.R.C., alleging that Defendants discriminated against her based on gender and in retaliation for her complaints and charges filed with the EEOC regarding disparate treatment, harassment, and hostility she allegedly experienced from Defendants. ECF No. 1. In the instant motion, Plaintiff asserts that since the filing of this lawsuit, she has been subjected to additional discipline by Defendants related to a February 11, 2016 letter she sent to members of Youngstown City's Council regarding conduct in the YPD. ECF No. 19-1 at PageID#: 144—46. In her letter, Plaintiff discussed her concerns about "theft in [YPD's] office through improper overtime pay and benefits, improper conduct that lead to discrimination based on promotions in the YPD, and the failure to adequately address the instances of sexual harassment within the YPD." *Id.* at PageID#: 145. Plaintiff argues that her "February 2016 writing presented issues that needed to be investigated and to inform the new City Council that the actions of the upper ranking officers in the YPD constituted corruption through theft in office and/or misappropriation of public money and of discrimination by the conduct of the upper ranking officers in the YPD." *Id.* Plaintiff alleges that as a result of her conduct—writing and sending the letter to Youngstown's City Council members—Defendants, in an act of retaliation, suspended Plaintiff for fifteen (15) days. *Id.*

Plaintiff seeks to amend her complaint to assert the following: (1) a First Amendment Retaliation claim brought pursuant to 42 U.S.C. § 1983; (2) a state law retaliation claim brought

(4:17CV1698)

pursuant to O.R.C. § 4112.02(I); and (3) additional facts to support her new retaliation claims as well as facts regarding Plaintiff's receipt of a right to sue related to EEOC Charge 523-2014-02317. ECF Nos. 19; 19-1. Plaintiff attached the proposed Amended Complaint (ECF No. 19-2) to her motion. Defendants have filed a response in opposition (ECF No. 23). Plaintiff has replied (ECF No. 25).

## II. Discussion

As a preliminary matter, in their response, Defendants consent to Plaintiff's request to amend "Paragraph 12 of her complaint to reflect that Plaintiff had in fact received an EEOC notice dated November 30, 2017 of her right to sue on EEOC Charge No. 532-2014-02317 of which the Court was so notified pursuant to Doc. No. 17."[1] ECF No. 23 at PageID#: 199. Therefore, the Court considers only whether leave shall be granted as to the remaining proposed amendments—Plaintiff's retaliation claims.

### A. Standard of Review

#### 1. Rule 16(b)

"Once the scheduling order's deadline passes, a [party] must first show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

---

[1] *See* Defendants' Response in which they make clear the following: "Plaintiff indicates in her Motion for Leave to Amend that the proposed amendment to Paragraph 12 in her complaint [was]sought for the purpose that her pleading conform to the facts. It is only this aspect of Plaintiff's Motion for Leave to Amend to which the Youngstown Defendants do not submit any opposition and would agree that Plaintiff's pleading can be so amended (Paragraph 12) to conform to the facts." ECF No. 23 at PageID#: 199 n. 1.

3

(4:17CV1698)

The Sixth Circuit explained that the "primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations and quotations omitted). In addition to the movant's diligence, the Court should also consider the possible prejudice to the opponent. *Id.* (internal citations omitted).

### 2. Rule 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure directs the Court to grant leave to amend "when justice so requires[,]" and in practice the burden is usually on the party opposing the amendment to demonstrate why the amendment should not be permitted. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial may be appropriate, however, when there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment."[2] *Seals v. Gen. Mortors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). The Sixth Circuit requires a district court to find "at least some significant showing of prejudice to the opponent, before it could deny a motion for leave to amend." *Leary*, 349 F.3d at 907 (internal citations and quotations omitted).

---

[2] "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

4

(4:17CV1698)

### B. Retaliation Claims

In the instant motion, Plaintiff contends that she has established a cognizable First Amendment retaliation claim against Defendants based on their disciplinary action taken against her. ECF No. 19-1. Plaintiff cites to *Banks v. Wolfe County Board of Education*, 330 F.3d 888, 892 (6th Cir. 2003), to assert the elements needed to establish a *prima facie* case of First Amendment retaliation under § 1983, which require a plaintiff to show that: (1) she was engaged in constitutionally protected speech; (2) she was subjected to an adverse action or was deprived of some benefit; and (3) the protected speech was a "substantial" or a "motivating factor" in the adverse action. *Banks v. Wolfe Cty. Bd. of Educ.*, 303 F.3d 888, 892 (6th Cir. 2003). Furthermore, Plaintiff recognizes that, as a public employee, to receive protection under the First Amendment, she must allege that her speech touched on a matter of public concern, and that her "interest in making such statement outweighs the interests of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." ECF No. 19-1 at PageID#: 151 (citing *Banks*, 303 F.3d at 892).

In accordance with these requirements, Plaintiff asserts that her proposed Amended Complaint plausibly alleges that her speech touched on matters of public concern. *See* ECF No. 19-1 at PageID#: 147 (Plaintiff states that her proposed Amended Complaint alleges that, her "February 2016 speech and writing the Youngstown City Council [were] done as [a] private citizen to inform [] the new City Council that the actions of the upper ranking officers constituted corruption through theft in office and/or misappropriation of public money that needed to be investigated. Plaintiff's February 2016 speech and writing [were] also an effort to inform the

5

(4:17CV1698)

new City Council of discriminatory conduct of the upper ranking officers in the YPD.").
Plaintiff also disavows that the subject of her speech—information acquired by virtue of her public employment and was made in violation of Defendants' employment policies—converts that speech into employee speech, rather than citizen speech. *See* ECF No. 25 at PageID#: 271 (citing *Stinebaugh v. City of Wapakoneta*, 630 F. App'x 522, 526 (6th Cir. Nov. 10, 2015) ("[T]he mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech.") (quoting *Lane v. Franks*, 134 S. Ct. 2369, 2379, 189 L.Ed.2d 312 (2014))).

Moreover, in support of her position that her proposed Amended Complaint states a cognizable § 1983 claim, Plaintiff relies on *Chappel v. Montgomery County Fire Protection District No. 1*, 131 F.3d 564, 576 (6th Cir. 1997), in arguing that her interest in making such statements—exposing the alleged wrong doing by the upper ranking officers—outweighs the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. ECF No. 19-1 at PageID#: 152. In *Chappel*, the Sixth Circuit held that the "'[p]ublic interest is near its zenith when ensuring that public organizations are being operated in accordance with the law,' when 'expos[ing] graft and corruption,' and when 'seeing that public funds are not purloined' or wasted." *Chappel v. Montg. Cty. Fire Protection Dist. No. 1*, 131 F.3d 564, 576 (6th Cir. 1997).

With respect to prong two of the test to establish a *prima facie* case of First Amendment retaliation, Plaintiff alleges that Defendants' decision to suspend her because of her writing, subjected her to an adverse employment action. *See* ECF No. 19-1 at PageID#: 144—46;

6

(4:17CV1698)

PageID#: 151. Finally, Plaintiff argues that the facts set forth in the proposed Amended Complaint demonstrate a causal connection between Plaintiff's protected speech—writings sent to City Council, and the adverse employment action—disciplining Plaintiff with a fifteen-day suspension. ECF No. 25 at PageID#: 269—271.

Also, Plaintiff contends that based on these same set of facts[3] asserted in her proposed Amended Complaint, she has plausibly alleged a retaliation claim under O.R.C. § 4112.02(I). *See* ECF No. 25 at PageID#: 273—75. Lastly, Plaintiff states that good cause exists for leave because Plaintiff's actions do not present undue delay, and Defendants will not be unduly prejudiced by the filing of an amended complaint, at this stage, because the parties are in the early stages of the discovery process. *See* ECF No. 19-1 at PageID#: 153 ("Discovery has begun with written discovery exchanged and the parties about to schedule depositions."); *see also* ECF No. 25 at PageID#: 277.

Defendants argue that leave should be denied as to Plaintiff's retaliation claims because the proposed amendments are untimely, unduly prejudicial, and are essentially futile because "it appears on the face of the proposed amendments that Plaintiff cannot establish a *prima facie* case for either First Amendment Retaliation under proposed Count Six or any state law retaliation claim specifically arising out of her October 2017 discipline under O.R.C. 4112.02." ECF No. 23 at PageID#: 200; PageID#: 201—08.

---

[3] Plaintiff's allegations that she was retaliated against because she expressed her opposition to Defendants' alleged discriminatory practices.

(4:17CV1698)

The Court finds that the memorandum in support (ECF No. 19-1 at PageID#: 144—153) and reply memorandum (ECF No. 25) contain facts and cite legal authority that plausibly support Plaintiff's retaliation claims alleged in the proposed Amended Complaint (ECF No. 19-2). Because it appears the proposed Amended Complaint meets a basic threshold—is plausible on its face—the Court will permit the amendment. *See*, *e.g.*, *Cooper v. Comm. Sav. Bank*, 2013 WL 1703359, at *3 (S.D. Ohio Apr. 19, 2013) (granting leave to amend because the plaintiff's motion for leave advanced several substantive arguments, supported by factual allegations, contending that the proposed amended complaint set forth facts sufficient to state a claim upon which relief may be granted). Whether Plaintiff will ultimately prevail on her claims is still to be determined.

Additionally, the Court finds that Defendants will not be substantially prejudiced by the assertion of Plaintiff's new claims because the parties are still in discovery[4] and the amendments should not cause a significant delay in the resolution of the case. *Phelps v. McClellan*, 30 F.3d 658, 662—63 (6th Cir. 1994) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.").

Furthermore, absent a showing of prejudice, Defendants' undue delay arguments do not provide a reason to deny Plaintiff's motion. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828,

---

[4] The Court recently enlarged discovery by ninety (90) days.

(4:17CV1698)

834 (6th Cir. 1999) (explaining that if the opposing party is not prejudiced, then delay alone, regardless of its length, is not enough to bar the amendment); *Budd v. Co. v. Travelers Indem. Co.*, 820 F.2d 787, 792 (6th Cir. 1987) ("Courts appear particularly hesitant to deny amendment, even at late stages in the proceedings, when the interest in resolving all related issues militates in favor of such a result and no prejudice is demonstrated.").

Therefore, for good cause shown, the Court grants Plaintiff's Motion to for Leave to Amend Pleading (ECF No. 19).

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Leave to Amend Pleading (ECF No. 19) is granted. Plaintiff shall file the Amended Complaint by Monday, April 23, 2018. Defendants shall respond within 14 days of the filing.

IT IS SO ORDERED.

| | |
|---|---|
| April 20, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |